[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER-SEAL DEPOSITION
This is an action by a alleged penitent against her priest claiming that he disclosed a privileged communication made to him in violation of General Statutes § 52-146b. The defendant has noticed the deposition of the plaintiff which prompted this motion in which she seeks a protective order or in the alternative an order to seal the deposition. Although this motion appeared as a non-arguable and was denied on September 13, 1999, the plaintiff has filed a motion for reconsideration and oral argument which this court has granted. The parties presented oral argument before the undersigned on December 6, 1999.
The first issue the court must resolve is whether the plaintiff should be able to assert her privilege under General Statutes § 52-146b to thwart or curtail her deposition, or at least to have it sealed. There is some dispute as to whether the protection afforded by this statute only applies to the clergyman from testifying as to communications made to him. A fair reading of the statute seems to suggest that the clergyman is the only person protected, but Professor Tait believes that the statute "should be construed to cover both parties to the communication." C. Tait J. LaPlante, Handbook of Connecticut Evidence (Sup. 2000) § 12.11 p. 310??.
Assuming, as the court will, that both parties are protected, the next question is whether the plaintiff has waived her privilege in suing her alleged priest for his breach of this disclosure. Surely, there has been a waiver as to the communication that the plaintiff alleges the defendant disclosed. "In a civil damages action, fairness requires that the privilege holder surrender the privilege to the extent that it will weaken in a meaningful way, the defendant's ability to defend. That is, CT Page 16681 the privilege ends at the point where the defendant can show that the plaintiffs civil claims, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails." Carrier Corp. v. TheHome Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 352383 (June 26, 1995, Schaller,J.) (7 C.S.C.R. 823).
The plaintiff next argues that the communications are protected against a protected professional only upon a showing that communication was "at issue" and were relied upon. The plaintiff points the court to Metropolitan Life Ins. Co. v. AetnaCasualty Surety Cp. , 249 Conn. 36, 730 A.2d 51 (1999). That case concerns the attorney-client privilege, and the "at issue" communication was legal advise that was alleged to have been relied upon. The attorney-client privilege is much broader than the clergy-penitent privilege, and the disclosure of the statements allegedly made in this action would not to have the same impact as it would have given the facts in Metropolitan. Furthermore the plaintiff has not cited any authority that would suggest that this "at issue" communication exception is applicable to the priest-penitent privilege
The court, in any event, does not find that the communication here was "at issue." Waiver is applicable in this case since the communication was not advice, and even if a priest-penitent privilege exists in this case, the court finds that the plaintiff has waived it. The court, therefore, will deny the plaintiff's Motion for Protective Order.
The court does not see any compelling reason to order the deposition sealed. Apparently the communication of December 23, 1997 that is the subject of this law suit has been disclosed by the defendant and appears in a letter to Attorney Crozier dated March 10, 1998, which the plaintiff has attached as exhibit B to her "Objection to Request to Revise" dated April 19, 1999. The court will therefore deny the plaintiff's motion to seal the deposition.
PELLEGRINO, (J)